**UNITED STATES of America**

v.

**Ted BOWEN a/k/a Thaniel Bowen.**

**UNITED STATES of America**

v.

**Ted BOWEN, a/k/a Thaniel Bowen and Pier Seven Limited Partnership.**

**Crim. Nos. HM76–0541, HM76–0543.**

United States District Court,
D. Maryland.

Dec. 16, 1976.

Jervis S. Finney, U. S. Atty., John W. Sheldon, Asst. U. S. Atty., Baltimore, Md., and John E. Varnum, Atty., Dept. of Justice, Land & Natural Resources Section, Washington, D. C., for plaintiff.

H. Russell Smouse, Baltimore, Md., for defendant.

## MEMORANDUM

HERBERT F. MURRAY, District Judge.

The issue before the court is whether 33 U.S.C. Section 403 contains a scienter requirement; that is, whether the government must prove in a criminal prosecution that the defendant deliberately intended to create an obstruction to certain navigable waters. For reasons stated below, this court holds that 33 U.S.C. Section 403 does not contain a scienter requirement.

33 U.S.C. Section 403 provides in relevant part:

The creation of any obstruction not affirmatively authorized by Congress, to the navigable capacity of any of the waters of the United States is prohibited

. . . .

Defendant has been charged with violating Section 403 in two criminal informations. In HM76–0541, the United States Attorney charges that beginning in early 1975 and continuing through April 17, 1975, at a point on Crab Creek near Annapolis, Maryland, defendant constructed a timber bulkhead approximately four hundred feet long without obtaining the requisite authorization. In HM76–0543, defendant is charged with constructing two forty-foot pier extensions, seven ten-foot catwalks, and eleven mooring piles in South River near Annapolis between May 19, 1975 and September 1975.

The general question of intent was discussed at length by the Supreme Court in *Morissette v. United States*, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952). That case involved a prosecution under 18 U.S.C. Section 641 relating to "Whoever . . . knowingly converts" government property. The defense was that the defendant believed that the property was abandoned and that he took it with no criminal intent. The Court noted that, at common law, intent, with few exceptions, was a necessary element in crime. The Court further noted, however, that there is a class of criminal offenses where motive or criminal intent is not a factor in the crime. *See United States v. Balint*, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604 (1921), and *United States v. Behrman*, 258 U.S. 280, 42 S.Ct. 303, 66 L.Ed. 619 (1921), involving prosecutions under narcotics and food and drug acts.

The court referred to offenses based on statutes and administrative regulations which have been called "public welfare offenses." The Court stated:

Many of these offenses are not in the nature of positive aggressions or invasions, with which the common law so often dealt, but are in the nature of neglect where the law requires care, or inaction where it imposes a duty. Many violations of such regulations result in no direct or immediate injury to person or property but merely create the danger or probability of it which the law seeks to minimize. While such offenses do not threaten the security of the state in the manner of treason, they may be regarded as offenses against its authority, for their occurrence impairs the efficiency of controls deemed essential to the social order as presently constituted. In this respect,

**756**

whatever the intent of the violator, the injury is the same, and the consequences are injurious or not according to fortuity. Hence, legislation applicable to such offenses, as a matter of policy, does not specify intent as a necessary element. The accused, if he does not will the violation, usually is in a position to prevent it with no more care than society might reasonably expect and no more exertion than it might reasonably exact from one who assumed his responsibilities. Also, penalties commonly are relatively small, and conviction does no grave damage to an offender's reputation. Under such considerations, courts have turned to construing statutes and regulations which make no mention of intent as dispensing with it and holding that the guilty act alone makes out the crime. This has not, however, been without expressions of misgiving. (342 U.S. at 255–256, 72 S.Ct. at 246)

The Court went on to state:

Congressional silence as to mental elements in an Act merely adopting into federal statutory law a concept of crime already so well defined in common law and statutory interpretation by the states may warrant quite contrary inferences than the same silence in creating an offense new to general law, for whose definition the courts have no guidance except the Act. (*Id.* at 262, 72 S.Ct. at 249)

One court, in reviewing *Morissette* and other cases, concluded:

From these cases emerges the proposition that where a federal criminal statute omits mention of intent and where it seems to involve what is basically a matter of policy, where the standard imposed is, under the circumstances, reasonable and adherence thereto properly expected of a person, where the penalty is relatively small, where conviction does not gravely besmirch, where the statutory crime is not one taken over from the common law, and where congressional purpose is supporting, the statute can be construed as one not requiring criminal intent. The

elimination of this element is not then violative of the due process clause.
*See Holdridge v. United States*, 282 F.2d 302 (8th Cir. 1960), at page 310.

It is the court's conclusion that the statute at issue herein meets the criteria of *Morissette* and *Holdridge* and does not require criminal intent. The statute contains no mention of intent. Its purpose is to prevent obstruction of certain waterways, and, therefore, the injury is the same regardless of the intent of the violator. The penalty is relatively small (a fine not exceeding $2500 nor less than $500 or imprisonment not exceeding one year or both; 33 U.S.C. Section 406). Conviction would not do grave damage to a defendant's reputation. Nor is it a crime which was taken over from the common law. In addition, the requirement of authorization is a reasonable one.

None of the cases cited by the parties lend much assistance to the court. Defendant relies primarily on *United States v. Bigan*, 170 F.Supp. 219 (W.D.Pa.1959), aff'd 274 F.2d 729 (3rd Cir. 1960). In that case, plaintiff sought an injunction against defendant. The court held that defendant did not violate section 403, stating:

This section is penal and should be strictly construed. It implies an intentional act as distinguished from a negligent or careless act to create an obstruction or to alter or modify the condition or capacity of the river. . . . (170 F.Supp. at 223)

The court interprets *Bigan* to stand for the proposition that more than a negligent act is required to violate the statute. It does not hold that specific intent is required. The court stated further:

It was not shown by the evidence that the defendant or his employees willfully intended to create an obstruction to the navigable capacity of the river or to alter or modify the condition or capacity of its channel. On the contrary, the evidence shows that defendant's shovel operator intended to deposit the excavated material on the mine road and negligently or accidentally caused some dirt and stones to

fall down the hillside into the river. An obstruction to navigation or alteration of the channel was not reasonably to be apprehended from the performance of the acts which defendant actually intended. (170 F.Supp. at 223–224)

In the instant case, on the other hand, defendant does not contend that he accidently erected various structures in Crab Creek and South River. He states that he intentionally built the structures but that he did not intend to obstruct the waters in doing so. This defense is not available under 33 U.S.C. Section 403. The government must prove that defendant intended to build the structures but need not prove that defendant intended to obstruct the navigable waters.

*United States v. Raven*, 500 F.2d 728 (5th Cir. 1974), lends some support to the court's conclusion. Defendant in that case argued that section 403 required the specific intent to obstruct the waterways by affirmative, deliberate acts. The court stated:

> As to the charge that the acts must be deliberate, the words 'knowingly and negligently' were struck from the charge on Raven's own request. Even so, the proof showed a deliberate act which eliminated any question on that score. (500 F.2d at 731)

Thus, the court in *Raven* does not discuss in detail the issue before this court, and therefore the *Raven* case is not persuasive authority for the government's contention. Nor are the other cases cited by the government directly relevant to the instant case. *See United States v. Joseph G. Moretti, Inc.*, 478 F.2d 418 (5th Cir. 1973) and *United States v. Stoeco Homes*, 498 F.2d 597 (3rd Cir. 1974), *cert. denied* 420 U.S. 927, 95 S.Ct. 1124, 43 L.Ed.2d 397.

In spite of the absence of past determination of this issue, the court concludes that a scienter requirement would defeat the purpose of the statute to keep the navigable waters free from obstruction. It is obstruction with which Congress is concerned, and the innocent intent of a defendant does not eliminate that obstruction. For this reason and for the reasons stated above, the court

holds that the government need not prove that the defendant intended to obstruct the navigable waterways.